UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Rick Hebbard

    v.                                 Civil No. 06-362-PB

City of Dover, New Hampshire,
and Dennis Ciotti

## ORDER

Plaintiff, a former member of the City of Dover's Utilities Commission, filed this civil rights action alleging a violation of his First Amendment right to petition the government for the redress of grievances, as well as his rights to due process and equal protection of the laws, against the City of Dover and a member of the City Council and Chair of the Appointments Committee.

## Background

I.    Procedural History

Plaintiff provided notice of civil rights claims to the City of Dover and was terminated a week later, on June 1, 2006. The City Attorney apparently issued an opinion to the City Council no later than August 4, 2006 stating that plaintiff's rights had been violated and that he should be reinstated. Plaintiff was reinstated in accordance with that recommendation.

After filing suit, plaintiff propounded a request for
production of documents on January 10, 2007 which in part
requested the following: "The memorandum prepared by Attorney
Krans, which is referred to in the August 17, 2006 article in the
Foster's Daily Democrat appended hereto, and any drafts of that
memorandum."  On April 30, 2007, the defendants responded
objecting to the production on the basis that "this is subject to
the attorney/client privilege as has been previously stated."

Plaintiff filed a motion on May 11, 2007 to compel
defendants to produce documents, especially such opinion or
memorandum (document no. 8).  The defendants objected to the
motion on May 21, 2007 (document no. 9).  The memorandum in
question was prepared by Dover City Attorney Allan Krans for his
client, the Dover City Council.  The memorandum arguably
contained Mr. Krans' legal opinion.

II.  Factual Background

An article appeared in the Foster's Daily Democrat newspaper
on August 17, 2006 making reference to a letter written by City
Attorney Allan Krans indicating that plaintiff's rights had been
violated when he was removed from the Dover Utilities Commission
and that he should be reinstated.  The sources for this

information were five individuals, none of whom were Council
members.  According to the same article, such information was
confirmed by City Manager Mike Joyal who said that Attorney Krans
sent the Council a confidential memo on the matter.  The article
read "Joyal said Krans looked into the issue and determined the
city does not have the authority to simply remove someone from
the board because they file a lawsuit."

## Discussion

Defendants object to the production of the City Attorney's
opinion to the City Council on the grounds that the memorandum is
protected by the attorney-client privilege.  Plaintiff argues
that such a document is not protected since the defendants did
not treat the memorandum as confidential and waived any privilege
by apparently ventilating and discussing some of the substance of
the memorandum with the press.

The defendants assert that there was no waiver of the
attorney-client privilege.  The memorandum was prepared by the
City Attorney for the City Council, his client.  It provided his
legal opinion.  The Foster's Daily Democrat article referenced by
plaintiff does not by itself constitute a waiver of the privilege
according to the defendants.  From a reading of the article, one

3

learns that the Foster's Daily Democrat reporter was informed by five people, none of them Council members, that the City Attorney wrote a letter to the Councilors about plaintiff's removal.   The City Manager affirmed to the reporter that such a memo existed, and that it contained the City Attorney's legal opinion that the City does not have the authority to simply remove someone from the Dover Utilities Commission for filing a lawsuit.

The defendants argue that there is no evidence that the contents of the memorandum were ventilated to the public, and that whatever contents that were divulged were insufficient to create a waiver.   Defendants note that courts have held that a determination that a waiver has occurred serves to prevent a party from selectively asserting the privilege to block the introduction of information harmful to his case after introducing other aspects of attorney-client communications that are beneficial, and that the privilege cannot be used as both a shield and a sword.   See United States v. Desir, 273 F.3d 39, 45 (1st Cir. 2001), citing United States v. Workman, 138 F.3d 1261, 1263-64 (8th Cir. 1998); see e.g. Desclos v. S. N.H. Med. Ctr., 153 N.H. 607, 612-13; 903 A.2d 952, 957-58 (2006).   The defendants argue that they have not placed the memorandum at

4

issue, they have not gained personal benefit from their responses to plaintiff's inquiries, and that all references to the memorandum have been initiated by plaintiff.

The common law rule is that confidential communications between a client and attorney are privileged and protected from inquiry in the absence of a waiver by the client. Stevens v. Thurston, 112 N.H. 118, 118-19; 289 A.2d 398, 399 (1972) (citations omitted). The party who invokes the privilege bears the burden of establishing that it applies to the communications at issue and that the privilege has not been waived. In Re Keeper of Records, 348 F.3d 16, 22 (1st Cir. 2003). A client can waive confidentiality in attorney-client relationships by discussing or sharing that communication with a third-party. Indeed, as roughly noted by plaintiff, where a client "chooses to share communications outside this magic circle, the courts have usually refused to extend the privilege. United States v. Mass. Inst. of Tech., 129 F.3d 681, 684 (1st Cir. 1997).

To meet the burden that a document is protected, the party must make four showings: 1) that he was or sought to be a client of the attorney; 2) that such attorney, in connection with the document, acted as a lawyer; 3) that the document relates to

5

facts communicated for the purpose of securing a legal opinion, legal services or assistance in a legal proceeding; and 4) that the privilege has not been waived.  Pacamor Bearings, Inc. v. Minebea Co., 918 F. Supp. 491, 510 (D.N.H. 1996).  "The attorney-client privilege only protects communications which are intended to be confidential. . . . A mere showing that the communication was from client to attorney does not suffice, but the circumstances indicating the intention of secrecy must appear." Id. at 511.

As to the first two showings, it is undisputed that City Manager Joyal was a client of the City Attorney when the communication was made, and Krans was at that time acting as a lawyer in providing the communication to the City Council.  The communication itself contained a relation of facts involving the securing of a legal opinion, satisfying the third showing. Remaining for the Court to decide is the fourth factor outlined in Pacamor Bearings, whether the privilege has been waived.  See Pacamor Bearings, 918 F. Supp. at 510.

The sources for the information regarding the content of the memorandum are the Foster's Daily Democrat article and plaintiff's own statement that five outside sources told the

newspaper of the content.  The later source may be dismissed as too ethereal to weigh, particularly since the five unknown persons are not identified as persons having privity with the memorandum as would City Council members.  Thus there is no showing that someone authorized to waive the privilege on behalf of the City Council actually did.  Whatever statements are attributed to the City Manager, it is clear that he considered the memorandum itself a confidential communication which related facts for the purpose of securing a legal opinion by a client from an attorney.  That the City Manager may have, perhaps carelessly, divulged part of the content of the memorandum by confirming its existence and conclusion does not *a fortiori* mean that he intended to waive the privilege attached to such memorandum.  I further find that Joyal's confirmation to a reporter of what the reporter already knew is not sufficient to waive the privilege allowed the contents of the document, including, possibly, the attorney's reasoning, information received from the client, weaknesses in the case, or strategic plans for litigation.  Accordingly, I find that the statements attributed to the City Manager are insufficient to place the

memorandum outside the protection of the attorney-client

privilege.   Plaintiff's motion to compel is DENIED.

**SO ORDERED.**

<u>/s/ Justo Arenas</u>

Justo Arenas
United States Magistrate Judge

Date:      August 13, 2007

cc:        Edward C. Mosca, Esq.
           William G. Scott, Esq.